IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
LARISSA ANN JONES,           : CASE NO.  1:08 CV 2717
                                           :
                        Plaintiff, : MEMORANDUM OPINION AND
                                           : ORDER DENYING PLAINTIFF'S
            -vs-                    : MOTION FOR RECONSIDERATION
                                           :
                                           :
BEST BUY STORES, L.P.,    :
                                           :
                        Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Before the Court is a motion for reconsideration filed by the plaintiff Larissa Ann Jones.  (Doc. 30).  In her amended complaint, Ms. Jones alleged that the defendant Best Buy Stores, L.P., terminated her employment in violation of Title VII and O.R.C. § 4112, et seq.  (Doc. 14).  On 2 February 2010, the Court granted the defendant's motion for summary judgment, having found that Ms. Jones had failed to raise genuine issues of material fact on the question of whether the defendant's proffered reasons for firing her were pretextual.  (Doc. 27).  She now motions the Court for reconsideration and asks that judgment against her be vacated on the grounds that the Court's ruling was a misapplication of legal precedent.  (Doc. 30).

  The Federal Rules do not describe motions to reconsider.  The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  See Smith v.

Hudson, 600 F.2d 60, 62 (6th Cir. 1979)("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904 F.Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to reconsider if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. See Gencorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " McConocha v. Blue Cross & Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996)(quoting In re August 1993 Regular Grand Jury, 854 F.Supp. 1403, 1408 (S.D.Ind.1994)).

In its order granting the defendant's motion for summary judgment, the Court held that Ms. Jones' reliance on her prima facie case of discrimination was insufficient to raise an issue of fact on the question whether the defendant's proffered reasons for firing her were pretextual. Because Ms. Jones failed to meet her burden by providing some additional evidence of discrimination, the Court held that the defendant was entitled to judgment as a matter of law.

Now, in her motion for reconsideration, Ms. Jones again maintains that the facts used to establish her prima facie case are sufficient to survive the summary judgment

stage, based on Madden v. Chattanooga City Wide Service Department, 549 F.3d 666, 676 (6th Cir. 2008). This argument is the same as that rejected in the Court's initial order granting the defendants' motion for summary judgment. Under Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994), Ms. Jones must provide some evidence of discrimination other than her prima facie case.

A motion for reconsideration is not a vehicle for "renew[ing] arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." McConocha, 930 F.Supp. at 1184. Therefore, because Ms. Jones advances the same legal theories that the Court rejected when it initially considered this issue, her motion for reconsideration is denied.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 2 July 2010